# Ober & Sons Co. *v.* Thomason Grocery Company.

## Statutory Trial of the Right of Property.

1. *Trial and its incidents; effect of agreement between counsel.*
An agreement entered into between the attorneys represent-
ing the parties to a suit, that the cause should be submitted
to the trial court for a decision at the pending term, with-
out the intervention of a jury, which agreement was subse-
quently modified by consenting to a decision by the court dur-
ing vacation, does not bind the parties to submit to a decision
of the cause at a subsequent term of the court; and this is
true, although the postponement of the decision under the
original agreement was at the instance of one of the attor-
neys.

APPEAL from the Circuit Court of Marshall.
Tried before the Hon. J. A. BILBRO.

This was a statutory trial of the right of property
which was instituted by the appellees interposing a
claim to certain monies which a garnishee answered

that it had in its hands, in response to a garnishment issued against it in a suit brought by the appellants against Barron & Russell. The only question presented for review on the present appeal is one growing out of the rulings of the court upon an agreement entered into between the attorneys representing the plaintiff and the claimant. After the introduction of all the evidence, as set out in the bill of exceptions, the bill of exceptions then contains the following recital relative to the said agreement: "This was all the evidence. The court thereupon suggested that it seemed that the evidence was without conflict and that the general affirmative charge upon the evidence one way or the other would determine the case, and that it would be unnecessary to trouble the jury further and that he would take the case under advisement and announce the court's decision upon the law on a later day of the term, which would not end for more than a week, and would enter a judgment as upon the verdict of the jury rendered in accordance with his charge, also stating at the time that he was inclined to give the affirmative charge for claimant, and would hear from plaintiff's attorney later in the term as to why he should not do so. Both parties in open court verbally agreed to this suggestion, and the jury was, therefore, discharged by the court. This verbal agreement was made in open court and the presiding judge, the Hon. JAMES A. BILBRO, had before that time in open court made a pencil memoranda of the facts of the case on a tablet or sheet of paper. The court was very busy during the remainder of the spring term of said court with other business, and this case was not called up any more until within a few minutes of final adjournment, and until after the court had directed the sheriff to adjourn court for the term, and the judge had arisen from the bench, when claimant's counsel called the court's attention to the case and wanted judgment rendered in their favor, and the court said it was ready to do so. To this the plaintiff's counsel objected because he desired to be heard further on the questions of law involved in the case and because on closer examination of the evidence he thought there was a conflict in the evidence and it would take a jury and objected to such a

hurried disposition of the case. The claimant's counsel insisted on the agreement to be carried out, and asked the court to enter the judgment, but the court suggested that on account of the fact that plaintiff's counsel having been busy he would hold the case and allow him to be heard during vacation at Gadsden, Ala., where the presiding judge resided, and would render judgment, and to this both counsel for plaintiff and claimant agreed in open court, but plaintiff's counsel never went to Gadsden, and made no effort to have the case heard or the judgment entered on said agreement, and neither did counsel for claimant. When the case was called at the fall term, 1901, of said court, the plaintiff announced ready for trial, claimant's counsel insisted that under the agreement at the former term the court should render judgment in their favor. To this the plaintiff objected and demanded a jury to try the issues in the case. In the discussion of the matter before the presiding judge in open court, Mr. O. D. Street, who was all the time said counsel for plaintiff and who made the agreement herein set out, stated at that time he did enter into the agreement that the court might give the general affirmative charge either for plaintiff or claimant and enter judgment as if a jury had rendered a verdict in compliance with said charge, but that he now repudiated and withdrew from said agreement because the term at which it was made had expired and there was a conflict in the evidence, and would not abide by or be further bound by it. And claimant's counsel insisted that the case had been taken from the jury and held over from the last term under said agreement at the instance of Mr. Street, and by his request, and that said agreement was still in full force and binding, and that the judgment ought to be entered in accordance with its terms.

The court refused the demand of plaintiff for a jury to try the issue, to which plaintiff then and there duly excepted. The court refused to allow any testimony to be submitted by the plaintiff at this term, and to this action of the court the plaintiff then and there duly excepted. The court thereupon, over the objection and exception of plaintiff, without the intervention of a jury and without the introduction of any evidence which

plaintiff was asking to offer in support of his claim, rendered judgment in favor of claimant as upon the verdict of a jury, and to this action of the court the plaintiff then and there duly excepted."

From a judgment in favor of the claimant the plaintiff appeals and assigns as error the court's refusal of plaintiff's demand for a trial by jury, and the rendition of judgment in favor of the claimant.

O. D. Street, for appellant.—It is clear that the first agreement was made for the purpose of a trial at the spring term, while the second agreement was for the purpose of a trial in vacation. The first was for good reasons and by mutual agreement abandoned; the second became *functus* by the failure of the court and the parties to carry it out. Mutual failure to carry out the second agreement could not operate to revive the first. *Ex parte Hayes,* 92 Ala. 120.

John C. Forney and R. N. Bell, *contra,* cited *Lanahan v. Heavers,* 20 L. R. A. 759.

TYSON, J.—Substantially but one question is presented by the record in this case. It is, did the agreement entered into bind the parties at a subsequent term of the court? Clearly if it did not, the court committed an error in holding plaintiff bound by it and refusing its demand for a jury trial. We find that one of the terms of the agreement was, that the presiding judge was to decide the case at the term of court at which the agreement and submission was made. With this limitation expressed as to the time when the case was to be decided, it cannot be inferred that it was the intention of the parties, that the agreement should be binding if the decision was not made within the time limited. In other words, we cannot by implication, which could only be indulged in the absence of such a limitation, infer that it was the intention of the parties that the submission of the case to the judge for decision was to extend to a period beyond the term of the court, and thus confer upon him the right to decide it at some other term beyond the period fixed by the agreement. It may be said

that the plaintiff waived this term of the agreement and that it was at his instance that a decision was not rendered within the time fixed.   It may be, and doubtless it is true, that a postponement of the decision was at the instance of plaintiff's counsel and for his convenience. But the agreement under which the postponement was had also contains a term fixing the time when, though not definite as to day, and the place where, the judge was to render his decision.   It was to be rendered in vacation at Gadsden.   It is also true, that plaintiff's counsel did not go to Gadsden or make any other effort looking to a decision of the case.   And for that matter, neither did claimant's counsel.   Nor did the judge decide the case, as he had the right to do.   There being no execution of the agreement within the time limited by it, we are constrained to hold that it became *functus*, and that the case stood for trial at the next term of the court, and that the court should have proceeded regularly with the trial of it as though no agreement had ever existed.

Reversed and remanded.